21-1754
*In Re: Windstream Holdings, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-two.

Present:
   PIERRE N. LEVAL,
   DENNY CHIN,
   EUNICE C. LEE,
    *Circuit Judges*.

_____

IN RE: WINDSTREAM HOLDINGS, INC.

_____

U.S. BANK NATIONAL ASSOCIATION,

   *Appellant*,

   v.             21-1754

WINDSTREAM HOLDINGS, INC.,

   *Debtor-Appellee,*

ELLIOTT INVESTMENT MANAGEMENT L.P.,
FIRST LIEN AD HOC GROUP,

   *Intervenors-Appellees*.

_____

1

For Appellant:                          THOMAS E. LAURIA, White & Case LLP, Miami, Florida (Raoul G. Cantero III, David P. Draigh, Cecilia E. Walker, J. Christopher Shore, Harrison Denman, and Charles Koster, *on the brief*).

For Debtor-Appellee:                    C. HARKER RHODES IV, Kirkland & Ellis LLP, Washington, District of Columbia (Evelyn Blacklock, *on the brief*).

For Intervenor-Appellee                 Gregg M. Galardi, Ropes & Gray LLP, New York, New
Elliott Investment Management L.P.:     York, and William L. Roberts, Ropes & Gray LLP, Boston, Massachusetts.

Appeal from the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

U.S. Bank National Association ("U.S. Bank") appeals an order of the district court (Briccetti, *J.*) dismissing as equitably moot U.S. Bank's appeals of two orders of the bankruptcy court (Drain, *Bankr. J.*), one approving a settlement between debtor Windstream Holdings, Inc. (together with its debtor subsidiaries) ("Windstream") and Uniti Group, Inc. (the "Settlement Order"), and another confirming Windstream's Chapter 11 plan of reorganization (the "Confirmation Order"). U.S. Bank argues primarily that the equitable mootness doctrine must be limited because the doctrine's overbroad application has no basis in either the Constitution or Bankruptcy Code and contravenes the federal courts' strong obligation to exercise jurisdiction. U.S. Bank also argues that, even on the doctrine's own terms, the district court misapplied the test for equitable mootness.

We assume the parties' familiarity with the underlying facts, procedural history, and issues and arguments on appeal.

**DISCUSSION**

This Court reviews a district court's equitable mootness determination for abuse of discretion. *See In re Charter Commc'ns, Inc.*, 691 F.3d 476, 483 (2d Cir. 2012). The prudential doctrine of equitable mootness allows a court to dismiss a bankruptcy appeal "when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable." *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 143 (2d Cir. 2005) (internal quotation marks omitted). Its purpose is "to avoid disturbing a reorganization plan once implemented," *id.* at 144, and accordingly, "a bankruptcy appeal is presumed equitably moot when the debtor's reorganization plan has been substantially consummated," *In re BGI, Inc.*, 772 F.3d 102, 108 (2d Cir. 2014).

To overcome that presumption, an appellant must show all five of the so-called *Chateaugay* factors. *See Frito-Lay, Inc. v. LTV Steel Co. (In re Chateaugay Corp.)*, 10 F.3d 944, 952–53 (2d Cir. 1993) ("*Chateaugay II*"). These factors are whether: "(i) effective relief can be ordered; (ii) relief will not affect the debtor's re-emergence; (iii) relief will not unravel intricate transactions; (iv) affected third-parties are notified and able to participate in the appeal; and (v) [the] appellant diligently sought a stay of the reorganization plan." *In re MPM Silicones, L.L.C.*, 874 F.3d 787, 804 (2d Cir. 2017) (internal quotation marks omitted). "Although we require satisfaction of each *Chateaugay II* factor to overcome a mootness presumption, we have placed significant reliance on the fifth factor, concluding that a chief consideration under *Chateaugay II* is whether the appellant sought a stay of confirmation." *Id.*

U.S. Bank's first argument—that the doctrine's application must be limited because it lacks a basis in the Constitution or Bankruptcy Code and contravenes federal courts' obligation to exercise jurisdiction—is foreclosed by this Court's precedent. As an initial matter, U.S. Bank has

not suggested any principled rule by which we should limit the doctrine or determine when its application is overbroad. U.S. Bank appears instead to invite us to carve out the facts of this case ad hoc. We must decline this invitation. While we have acknowledged the doctrine's "enigmatic origins," *In re Motors Liquidation Co.*, 829 F.3d 135, 167 (2d Cir. 2016), equitable mootness is now firmly established by this Court's caselaw, *see, e.g.*, *MPM Silicones*, 874 F.3d at 804–05; *BGI*, 772 F.3d at 107–09; *Charter*, 691 F.3d at 481–82; *Metromedia*, 416 F.3d at 143–44. Whatever merit there may be to U.S. Bank's criticisms of the doctrine and of the bankruptcy process in general, a panel of this Court "is bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 421 (2d Cir. 2022) (internal quotation marks omitted).

Of course, the doctrine's application requires a court "to carefully balance the importance of finality in bankruptcy proceedings against the appellant's right to review and relief." *Charter*, 691 F.3d at 481. The *Chateaugay* factors serve to guide that balancing act and, contrary to U.S. Bank's second argument, the district court did not abuse its discretion in applying them.

U.S. Bank filed the notice of appeal to the district court approximately a week after the bankruptcy court entered its Confirmation Order but waited two months before requesting a stay. Even then, U.S. Bank's request was awkwardly appended to an unrelated motion and demonstrated little serious effort to show that the requirements for issuing a stay were met. The request's timing and presentation caused the bankruptcy judge to describe it as "a sham and procedural gambit," App'x at 918, noting also that U.S. Bank "made such a half-hearted attempt to prosecute [the stay request]," App'x at 925. U.S. Bank nevertheless argues that dismissal for equitable mootness is "only appropriate" if an appellant makes "*no effort*" at all to obtain a stay. Appellant's Br. at 44.

4

That is incorrect. To avoid dismissal for equitable mootness, an appellant must have sought a stay "with diligence." *Chateaugay II*, 10 F.3d at 953.

U.S. Bank further argues that a stay was initially unnecessary because Windstream had to complete time-consuming regulatory requirements before the plan could be consummated. This argument was not raised below and is forfeited. *See Browe v. CTC Corp.*, 15 F.4th 175, 190–91 (2d Cir. 2021). It also fails because Windstream stated during the confirmation hearing that it intended to consummate the plan in late August or early September of 2020, including sufficient time for regulatory approvals, and U.S. Bank in fact relied on that timeline in its motion to expedite the appeal in the district court. Nevertheless, U.S. Bank neglected to request a stay until September 1, 2020—well into the period in which the plan was expected to be consummated. Accordingly, we agree with the district court that U.S. Bank failed to diligently seek a stay of the plan as the fifth *Chateaugay* factor requires. Because the presumption of equitable mootness can be overcome only if an appellant meets all five of the *Chateaugay* factors, *see Charter*, 691 F.3d at 482, U.S. Bank's failure to meet the fifth factor is a sufficient ground to affirm the order of the district court.

Finally, U.S. Bank also challenges the district court's findings on the second and third *Chateaugay* factors that the relief requested would jeopardize Windstream's emergence from bankruptcy and require unraveling numerous complex transactions related to the plan. Given our conclusion above as to U.S. Bank's failure to diligently pursue a stay, we do not need to address this challenge. We note, however, that we discern no error in the district court's analysis or conclusions concerning the second and third *Chateaugay* factors.

The district court therefore did not abuse its discretion in dismissing the appeals as equitably moot.

## CONCLUSION

We have considered U.S. Bank's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk